IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TONY S., § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | No. 3:3:18-cv-1373-M-BN |
| § | |
| § | |
| ANDREW SAUL, Commissioner of § | |
| Social Security, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Tony S. seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons explained below, the decision should be reversed and this case remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

**Background**

Plaintiff alleges that he is disabled as a result of Osteomyelitis in the right index finger, degenerative joint disease of the right hand, reduced visual acuity, and depression. *See* Administrative Record [Dkt. No. 13-1] ("Tr.") at 19, 184-198. Alleging an onset date of September 1, 2014, Plaintiff filed an application for supplemental social security income, which the Commissioner initially denied – and denied again on reconsideration. *See id.* at 117, 127. Plaintiff then requested a hearing before an administrative law judge ("ALJ"). *See id.* at 130. That hearing was held on March 8, 2017. *See id.* at 35. At the time of the hearing, Plaintiff was 54 years old. *See id.* He

reached the eleventh grade in high school. *See id.* at 39. Plaintiff has not engaged in substantial gainful activity since March 27, 2015. *See id.* at 17.

The ALJ found that Plaintiff was not disabled and therefore not entitled to SSI benefits. *See id.* 17-28. Although the medical evidence established that Plaintiff suffered from Osteomyelitis in the right index finger, degenerative joint disease of the right hand, reduced visual acuity, and depression, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. *See id.* The ALJ further determined that Plaintiff had the residual functional capacity to perform:

> medium work as defined in 20 CFR 416.967(c), such that he could sit 6/8 hours, stand/walk 6/8 hours, lift/carry 50 pounds occasionally and 25 pounds frequently, with the following additional limitations: The claimant could frequently handle and finger with his right, dominant hand. Due to his visual impairment, the claimant could work with large objects, but he should avoid workplace hazards, such as unprotected height or machinery with moving parts. The claimant could perform detailed, but not complex, tasks. He could have frequent contact with supervisors, co-workers, and the public.

*See id.* at 22. As such, the ALJ found that the Plaintiff was not disabled because he was capable of performing his past relevant work as a fast-food cook. *See id.* at 26. Alternatively, relying on a vocational expert's testimony, the ALJ found that Plaintiff was not disabled under Medical-Vocational Guidelines because given his age, education, and exertional capacity for work, he was capable of working as a linen-room attendant, a dining room attendant, or a furniture cleaner – jobs that exist in significant numbers in the national economy. *See id.* at 28.

Plaintiff appealed that decision to the Appeals Council. *See id.* at 181. The Council affirmed. *See id.* at 14.

Plaintiff then filed this action in federal district court. *See* Dkt. No. 1. Plaintiff challenges the hearing decision on the grounds that (1) "substantial evidence did not support the Administrative Law Judge's finding [Plaintiff] had past relevant work" as a fast-food cook and (2) Plaintiff "demonstrated harm at Step Five because he met the special vocational rule under 20 C.F.R. § 416.962(b) when he turned 55." *Id.* at 1.

The undersigned concludes that the hearing decision should be reversed and remanded.

## Legal Standards

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether Commissioner applied the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552-55 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923. The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d

3

232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d at 923; *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). The Court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

"In order to qualify for disability insurance benefits or [supplemental security income], a claimant must suffer from a disability." *Id.* (citing 42 U.S.C. § 423(d)(1)(A)). A disabled worker is entitled to monthly social security benefits if certain conditions are met. *See* 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Copeland*, 771 F.3d at 923; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985).

"In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007).

4

The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Copeland*, 771 F.3d at 923; *Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Copeland*, 771 F.3d at 923; *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's

substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

## Analysis

Plaintiff asserts two challenges to the ALJ's decision, arguing that (1) substantial evidence did not support the ALJ's finding that Plaintiff had past relevant work as a fast-food cook and (2) Plaintiff demonstrated harm at Step Five because he met the special vocational rule under 20 C.F.R. § 416.962(b) when he turned 55. *See* Dkt. No. 1 at 1. The Court should reverse and remand based on the first argument.

Under that argument, Plaintiffs asserts that there was not sufficient evidence for the ALJ to find that he had past relevant experience as a fast-food cook. *See* Dkt. No. 16 at 1-9. He argues that because the Summary Earnings Query shows no reported earnings for 2011 to 2013 – the years the plaintiff reported that he worked as a cook – his work as a fast-food cook did not meet substantial gainful activity levels and, therefore, was not past relevant work. *See id.* As such, he argues, there was no substantial evidence for the ALJ to find that it was past relevant work. *See id.*

The Commissioner asserts that, although the official earnings report did not detail income sufficient to meet the substantial gainful activity levels, Plaintiff's own

6

testimony before the ALJ at the on March 8, 2017, hearing provided the ALJ with the substantial evidence to find that Plaintiff had past relevant work experience as a fast-food cook. *See* Dkt. No. 16 at 1-9.

Plaintiff counters that, because the ALJ did not specifically reference the oral testimony in the her opinion as a basis for making her determination of relevant past work, that the Commissioner cannot point to it in the substantial evidence determination as to whether the Plaintiff had past relevant work as a fast food-cook. *See* Dkt. No. 18 at 6.

Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is 'more than a mere scintilla' ... [i]t means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.*

"Past relevant work is work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it." 20 C.F.R. § 416.960; *see also Adams v. Colvin*, 202 F. Supp. 3d 644, 653 (W.D. Tex. 2016). Substantial gainful activity is work activity that is both substantial ("work activity that involves doing significant physical or mental activities ... even if it is done

7

on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before") and gainful ("work activity is work activity that you do for pay or profit ... the kind of work usually done for pay or profit, whether or not a profit is realized"). 20 C.F.R. § 416.972.

"The regulations direct the Commissioner to 'consider all of the medical and vocational evidence in [the claimant's] file to decide whether or not [the claimant has] the ability to engage in substantial gainful activity.'" *Adams*, 202 F. Supp. 3d at 653 (citing 20 C.F.R. §§ 404.1571, 416.971).

As to a claimant's earnings, if his or her "monthly earnings exceed the amounts set forth in Section 404.1574(b)(2) and Section 416.974(b)(2), the claimant has engaged in substantial gainful activity," but, "[i]f a claimant's monthly earnings fall below these amounts, the claimant has not engaged in substantial gainful activity and the Commissioner 'will generally not consider other information in addition to [] earnings.'" *Id*. (citing 20 C.F.R. §§ 404.1574(b)(3), 416.974(b)(3), 404.1574(b)(2), 416.974(b)(2)). The United States Court of Appeals for the Fifth Circuit announced this proposition in its holding in *Copeland v. Colvin*, 771 F.3d 920 (5th Cir. 2014), that "a rebuttable presumption of non-SGA arises when a claimant's earnings fall below the earnings guidelines for SGA contained in §§ 404.1574(b)(2) and 416.974(b)(2)." *Id*. at 925.

Here, in the ALJ's determination as to whether or not Plaintiff had past relevant work, the ALJ reached the conclusion that Plaintiff had past relevant work as a fast-food cook and a roofer. *See* Tr. at 26. In her opinion, the ALJ outlined her decision-making process and cited the sources that lead to the conclusion. She reasoned that

8

"the claimant's time in those positions satisfies the requirements for past relevant work: He held those positions within the last 15 years; he worked in those positions long enough to b[e] fully trained; and he had earnings at substantial gainful activity or higher levels in those positions." *Id*.

In that finding, the ALJ directly cited three sources in the record.

First, the ALJ cited the Detailed Earnings Query showing no income from 2011 to 2013. *See* Tr. at 213-14.

Second, she cited a work history report Plaintiff filed with the Department of Assistive and Rehabilitative Services in which Plaintiff noted that he worked as a fast-food cook from February 2011 to January 2012 at a rate of $7.25 for eight hours a day, six days a week. *See id*. at 233-34.

Third, the ALJ cited to an additional work history report Plaintiff filed with the Department of Assistive and Rehabilitative Services in which Plaintiff reported that he worked as a cook at Donald Brown's Chicken from March 2012 to February 2013 at a rate of $5.25 for eight to nine hours a day, five to six days a week. *See id*. at 263-64.

Without addressing these discrepancies, the ALJ then noted that she relied on the testimony of the vocational expert in reaching her decision, who testified that "a hypothetical individual with the claimant's age, education, work experience, and residual functional capacity could perform the claimant's past relevant work as [a] [f]ast-[f]ood [c]ook, as that position was actually and generally performed." *Id*. at 26-27.

While not referenced to or cited in the ALJ's opinion, the transcript of the hearing notes that the ALJ questioned Plaintiff about the two work history reports. *See*

9

*id*. at 45-47. "Now, you said – on one report that you said that you worked as a cook for a fast food restaurant from about February of 2011 until about January of 2012." *Id*. at 45. Plaintiff confirmed the information on the report and added that he "worked as a cook" for Donald Brown's Chicken, "getting [in] over 80" hours a week – because he was working on his days off as well – and making $7.25 per hour. *Id*. at 45-46. Plaintiff went on to state that he also worked as a driver for Stoddard Motors for $6.50 an hour, working more than 40 hours a week. *See id*.

But, despite the oral testimony and work history reports, Plaintiff argues that his work as a fast-food cook was not past relevant work, because the role failed to satisfy one of the necessary elements of past relevant work: that the work be a substantial gainful activity. *See* Dkt. No. 16 at 1-9. Plaintiff asserts that, because he had no earnings as reflected in the Details Earnings Query for 2011 to 2013, his income fell below the monthly substantial gainful activity amount for the period that he was a cook, detailed in his reply as $1,000 per month for 2011; $1,010 per month for 2012; $1,040 per month for 2013. *See* Dkt. No. 18 at 1-9.

With this, Plaintiff then proffers two sub-arguments. First, he asserts that, because the earnings were below the threshold, the Commissioner cannot point to other information or evidence as to substantial gainful activity. *See* Dkt. No. 18 at 2. Plaintiff argues that his oral testimony should not be taken into account in the review for substantial evidence as to relevant past work. *See id*. at 6 "[T]he Court is limited to what the ALJ put in her decision." *Id*.

10

But this argument misconstrues the full text in Sections 404.1571 and 404.1574. As previously noted, the regulations empower the Commissioner to "consider all of the medical and vocational evidence" in deciding whether the claimant engaged in substantial gainful activity." 20 C.F.R. §§ 404.1571. Where a claimant's earnings fall below the threshold, the Commissioner will then "generally not consider other information in addition to [] earnings," meaning other vocational and medical arguments that could show the claimant engaged in substantial gainful activity are then ignored. *See* 20 C.F.R. §§ 404.1574.

Contrary to Plaintiff's assertions, *Copeland*'s holding does not foreclose other earnings evidence either. *See* 771 F.3d at 927. In fact, the Commissioner in both *Adams* and *Copeland* appear to concede that the earnings were below the threshold – distinguishing them from the instant case. *See Copeland*, 771 F.3d at 927 (noting that "the Commissioner appears to agree [that the earnings] were below the threshold set forth in §§ 404.1574(b)(2) and 416.974(b)(2)"); *see also Adams*, 202 F. Supp. 3d at 654. Unlike *Adams* and *Copeland*, in which the Commissioner was instead arguing the substantial gainful employment issue from other vocational evidence perspectives, here, Plaintiff's testimony about his income as a fast-food cook speaks directly to the question of his earnings. As such, Plaintiff's testimony should be fair game in ascertaining whether there was substantial evidence as to past relevant work.

The second sub-argument that Plaintiffs makes as to the threshold issue is that, under *Copeland*, because his earnings fell below the threshold, the ALJ should have

11

applied the rebuttable presumption against substantial gainful activity. *See* Dkt. No. 16 at 11. This argument presupposes that Plaintiff can hold at bay the other earnings evidence in the oral testimony and work history reports – which may not be the case.

Without the ALJ's full determination on the threshold issue, the undersigned is not equipped at this point to make a finding on whether the rebuttable presumption applies. Even if the court were to accept the testimony as a basis of evidence for the past relevant work finding, it remains unclear whether these earnings were sufficient to cross the threshold. While the ALJ reported that Plaintiff "had earnings at substantial gainful activity or higher levels in those positions," *see* Tr. at 26, the undersigned cannot make the leap from a naked citation to earning $7.25 in an eighty-hour week for just under a year to the finding that Plaintiff had earnings at (an unrepresented) substantial gainful activity level.

The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez*, 64 F.3d at 174; *Greenspan*, 38 F.3d at 237. This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d at 923; *Hollis*, 837 F.2d at 1383.

The court in *Adams* reasoned that, where the ALJ "did not make a finding as to whether [the plaintiff's] past earnings reached the threshold," that he then erred in concluding that the plaintiff had relevant past work. 202 F. Supp. 3d at 654.

The undersigned agrees, and for theses reasons recommends that the Court reverse and remand the case based on the relevant past work argument, which was prejudicial for these purposes because, where the ALJ did not identify other jobs as Plaintiff's past relevant work, there was a different possible outcome depending on the ALJ's determination on remand.

## Recommendation

The hearing decision should be reversed and this case remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.[1]

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

---

[1] By recommending a remand for further administrative proceedings, the undersigned does not suggest that Plaintiff is or should be found disabled.

13

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 25, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE